878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Huey Lee SALLIS, Petitioner-Appellant,
v.
Billy W. COMPTON, Warden, Respondent-Appellee.
 No. 88-6323.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254, and the order denying his motion to alter or amend judgment filed under Fed.R.Civ.P. 59(e). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Huey Lee Sallis was convicted of robbery with a deadly weapon and sentenced to serve forty years imprisonment. In his petition for a writ of habeas corpus, petitioner stated that the conviction was affirmed on direct appeal to the Tennessee Court of Criminal Appeals.[1] As grounds for relief, petitioner alleged insufficient evidence to support the conviction.
 
 
 3
 The district court sua sponte determined that petitioner failed to exhaust state remedies as required by 28 U.S.C. Sec. 2254(b), and dismissed the petition without prejudice since there was no allegation that he had filed a petition for review to the Tennessee Supreme Court. Sallis filed a Fed.R.Civ.P. 59(e) motion to alter or amend judgment. In his motion, Sallis alleged that he had filed a petition for review in the Tennessee Supreme Court, which denied his request. The motion to alter or amend judgment was denied.[2]
 
 
 4
 Upon review, we conclude that the district court abused its discretion by denying the Rule 59(e) motion. See McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 (6th Cir.1989). The district court rejected Sallis's motion after finding that the allegation of exhaustion was not supported by the record in the case. We disagree. Sallis's unchallenged allegation that he sought and was denied review in the Tennessee Supreme Court was sufficient to show exhaustion for the purposes of the statute. See 28 U.S.C. Sec. 2254(b).
 
 
 5
 Accordingly, the district court's judgment dismissing the petition is hereby vacated; the case is hereby remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 [1]
 In filling out the district court's habeas corpus petition form, Sallis did not mention that he had applied for certification of appeal to the Tennessee Supreme Court. However, the form asks to what court, not courts, the petitioner has appealed; the form does not ask about petitions for review
 
 
 [2]
 A copy of the Tennessee Supreme Court's denial of the petition for review was filed by petitioner with this court